IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

RODNEY HOPKINS,

                    Plaintiff,                     OPINION and ORDER

        v.                                06-C-597-C

MATTHEW J. FRANK, ROBERT HUMPHREYS,
JOHN QUISLING, GREG GRAMS and
LAMONT MARSHALL,[1]

                    Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

Before his release from prison in September 2007, plaintiff Rodney Hopkins was incarcerated at the Columbia Correctional Institution and then at the Racine Correctional Institution, both of which are state prisons in Wisconsin. He contends that defendants Matthew Frank, John Quisling and Greg Grams failed to provide him with adequate dental care at the Columbia Correctional Institution by delaying his treatment and then botching a tooth removal when it was performed. In addition, he says that defendant Lamont

_____

[1] In his complaint plaintiff identified the last three defendants as "Warden, Columbia Correctional Institution," "Dr. Quisling" and "CO Marshall." I have amended the caption to include the full names of these individuals as identified in defendants' summary judgment materials.

1

Marshall sexually harassed him at the Racine Correctional Institution and that defendant Robert Humphreys knew that he was likely to do so and failed to stop the harassment.

Defendants have filed a motion for summary judgment, which will be granted. Defendants have shown that plaintiff failed to exhaust his administrative remedies with respect to his harassment claim. Further, plaintiff has failed to adduce any evidence that defendants violated his Eighth Amendment right to dental care.

The undisputed facts set forth below are taken from defendant's proposed findings of fact and the evidence cited in those proposed findings. Plaintiff did not submit his own proposed findings of fact, an affidavit or any evidence to support his claim. He did submit a *response* to defendant's proposed findings of fact, but his response is not admissible evidence. A statement is not admissible on a motion for summary judgment unless it is sworn to be true under penalty of perjury. <u>Collins v. Seeman</u>, 462 F.3d 757, 760 n.1 (7th Cir. 2006); 28 U.S.C. § 1746. Ordinarily, sworn statements are made in affidavits; the proposed findings of fact are set forth in a document separate from the evidence. The requirements for properly opposing a motion for summary judgment are set forth in Federal Rule of Civil Procedure 56 and this court's <u>Procedure to be Followed on Motions for Summary Judgment</u>, which plaintiff received with the Preliminary Pretrial Conference Order, dkt. #13 (June 7, 2007). Because plaintiff's responses to defendants' proposed findings of fact do not meet the standard for admissibility, I could not consider them as evidence.

2

UNDISPUTED FACTS

Plaintiff Rodney Hopkins was incarcerated at Columbia Correctional Institution from May 17, 2005, to May 2, 2006, and at the Racine Correctional Institution from May 4, 2006 to September 25, 2007, when he was released from prison.

A.  Dental Problems

On March 20, 2006, a dental assistant at Columbia Correctional Institution received a request from plaintiff in which he wrote, "I have a bad toothache, need help bad please." The same day, the dental assistant performed an x-ray, which showed an abscess of plaintiff's lower left second molar.   Plaintiff received a prescription for an antibiotic.  The dental assistant told plaintiff that a dentist would see him "as soon as we have one available."

Two days later, defendant John Quisling began working at the prison as a dentist.  He performed oral surgery on plaintiff the same day and removed the abscessed tooth.  There were no "unusual complications" during the procedure.  Plaintiff was prescribed Ibruofen to be taken as needed for pain.

On March 24, plaintiff told unit staff that he was still experiencing pain.  Defendant Quisling prescribed Vicodin through March 29.

In a dental services request dated March 29, plaintiff reported that his stitches were

3

cutting his tongue.  Defendant Quisling examined plaintiff the following day and discovered a small area of exposed bone, called a "dry socket," which occurs when a normal blood clot fails to form in the socket of a recently extracted tooth. Quisling concluded that it was necessary to trim the bone that remained.

Defendant Quisling performed the surgery the following day.  However, plaintiff :had difficulty receiving anesthetic."  Quisling removed the bone but was unable to pack the site because of plaintiff's "declared sensitivity."  Quisling prescribed Hydrocodone for pain through April 4.

Defendant Matthew Frank was Secretary of the Wisconsin Department of Corrections at the time of plaintiff's dental problems.  Defendant Gregory Grams was the warden of the Columbia Correctional Institution. Neither Frank nor Grams was involved in the hiring of dentists at the prison, neither monitored the day to day activities of the health services unit (where dental services were performed) and neither had any knowledge about the dental care plaintiff was receiving.

### B.  Sexual Harassment

In a grievance dated October 24, 2006, plaintiff complained that defendant Lamont Marshall,  a correctional officer, had "strip searched [him] and patted [him] down and felt on [his] penis" for the purpose of sexual gratification.  Because plaintiff alleged staff sexual

misconduct, the inmate complaint examiner forwarded the grievance to the warden, defendant Robert Humphreys, pursuant to department policy.  In a decision dated November 3, 2006, Humphreys dismissed plaintiff's grievance.

On November 16, plaintiff appealed Humphreys' decision to the corrections complaint examiner.  However, the appeal was not signed or dated and the examiner rejected it as "incomplete."  On November 22, plaintiff filed a second appeal that was signed and dated.  The examiner rejected this appeal as well because it was filed more than 10 days after the warden's decision, in violation of Wis. Admin. Code § DOC 310.13.  Plaintiff did not provide a reason for the delay and the examiner wrote that the first rejection of the appeal did not toll the 10-day deadline. The office of the Secretary affirmed the decision to reject the appeal as untimely.

This was the only grievance plaintiff filed regarding sexual harassment by defendant Marshall.

OPINION

A.  Sexual Harassment: Exhaustion of Administrative Remedies

Under 42 U.S.C. § 1997e(a), a prisoner must exhaust all available administrative remedies before filing a lawsuit in federal court.  This means that the prisoner must "properly take each step within the administrative process," Pozo v. McCaughtry, 286 F.3d 1022, 1025

(7th Cir. 2002), which includes following instructions for filing the initial grievance, <u>Cannon v. Washington</u>, 418 F.3d 714, 718 (7th Cir. 2005), as well as filing all necessary appeals, <u>Burrell v. Powers</u>,  431 F.3d 282, 284-85 (7th Cir. 2005), "in the place, and at the time, the prison's administrative rules require.  <u>Pozo</u>, 286 F.3d at 1025.  Thus, if prison officials reject a grievance for failing to comply with a procedural requirement and they decline to address the merits of the grievance, the general rule is that the prisoner has not exhausted his administrative remedies and any lawsuit the prisoner later files must be dismissed.  <u>Dixon v. Page</u>, 291 F.3d 485 (7th Cir. 2002); <u>Lewis v. Washington</u>, 300 F.3d 829 (7th Cir. 2002); <u>Pozo</u>, 286 F.3d at 1025.  Defendants have the burden to prove that plaintiff failed to comply with § 1997e(a).  <u>Jones v. Bock</u>,  – U.S. – , 127 S. Ct. 910 (2007).

Defendants have shown that plaintiff failed to complete the grievance process for his claims against defendant Lamont Marshall and Robert Humphreys.  Although he filed a grievance that was accepted by the inmate complaint examiner and referred to the warden, his first appeal of the warden's denial was rejected as incomplete because he did not sign it, as required by Wis. Admin. Code § DOC 310.09(1)(b), and his second appeal was denied because he filed it more than 10 days after the warden denied the grievance, in violation of Wis. Admin. Code § DOC 310.13.

Plaintiff does not say that he was unaware of the deadline or that he did not have enough time to prepare his appeal.  (That argument would almost certainly be unsuccessful

6

after <u>Woodford v. Ngo</u>, – U.S. – , 126 S. Ct. 2378 (2006), in which the Supreme Court upheld a 15-day deadline to file an initial grievance.  Because an appeal is easier to prepare than an initial grievance, a 10-day deadline would not be unreasonable under most circumstances.)  Also, he advances no argument that the examiner was wrong in refusing to toll the deadline because his first appeal was rejected as incomplete.  Even if he did, it would not get him very far.  Because even his first grievance was untimely, it would be difficult to argue that the examiner was required to give him additional time on his second appeal.

Plaintiff says that he should be allowed to proceed because he "made an effort."  Plt.'s Resp. to Dfts.' Prop. Find. of Fact, ¶33, dkt. #27.  But that is not the rule in this circuit, which "has taken a strict compliance approach to exhaustion" <u>Dole v. Chandler</u>,  438 F.3d 804, 809 (7th Cir. 2006).  If plaintiff did not follow the rules, he must show that he was unable to follow them for reasons outside his control.

Plaintiff attempts to make such an argument, saying that prison officials were "playing games with my paper work to make it be submitted untimely."   Plt.'s Resp. to Dfts.' Prop. Find. of Fact, ¶42, dkt. #27.  This argument is fine in theory: the court of appeals has held on multiple occasions that a failure to complete the grievance process does not bar a federal lawsuit when  prison officials prevent a prisoner from filing or appealing a grievance.  <u>Dole v. Chandler</u>,  438 F.3d 804, 809 (7th Cir. 2006); <u>Dale v. Lappin</u>, 376 F.3d 652, 654-56 (7th Cir. 2004); <u>Lewis v. Washington</u>, 300 F.3d 829, 833 (7th Cir. 2002).  But plaintiff does not

support his statement with any evidence. Although I am required to draw all reasonable inferences in plaintiff's favor, I cannot engage in idle speculation on his behalf. <u>Grossman v. South Shore Public School District</u>, 507 F.3d 1097, 1100 (7th Cir. 2007) (stating that plaintiff cannot prevail on the basis of speculation).

Accordingly, I conclude that defendants have met their burden to show that plaintiff failed to exhaust his administrative remedies with respect to his claims that defendant Marshall sexually harassed him and that defendant Humphreys knew it was likely to happen and failed to stop it. These claims will be dismissed without prejudice to plaintiff's refiling them after he has exhausted his administrative remedies. Although it appears highly unlikely that plaintiff will be able to complete the grievance process now, the court of appeals has held that a dismissal for failure to exhaust is always without prejudice. <u>Ford v. Johnson</u>, 362 F.3d 395, 401 (7th Cir. 2004).


B.  <u>Dental Care</u>

Under the Eighth Amendment, prisoners have a right to adequate medical care, including dental care, <u>Board v. Farnham</u>,  394 F.3d 469, 479 (7th Cir. 2005).  A prison official violates this right if he or she is "deliberately indifferent" to a "serious medical need." <u>Estelle v. Gamble</u>, 429 U.S. 97, 104-05 (1976). A "serious medical need" may be a condition that a doctor has recognized as needing treatment or one for which the necessity of treatment

8

would be obvious to a lay person. <u>Johnson v. Snyder</u>, 444 F.3d 579, 584-85 (7th Cir.2006). The condition does not have to be life threatening. <u>Id.</u> A medical need may be serious if it "significantly affects an individual's daily activities," <u>Chance v. Armstrong</u>, 143 F.3d 698, 702 (2d Cir.1998), if it causes pain, <u>Cooper v. Casey</u>, 97 F.3d 914, 916-17 (7th Cir.1996), or if otherwise subjects the detainee to a substantial risk of serious harm, <u>Farmer v. Brennan</u>, 511 U.S. 825 (1994). "Deliberate indifference" means that the officials were aware that the detainee needed medical treatment, but disregarded the risk by failing to take reasonable measures. <u>Forbes v. Edgar</u>, 112 F.3d 262, 266 (7th Cir.1997).

Thus, under this standard, plaintiff's claim has three elements:

(1) Did plaintiff need medical treatment?

(2) Did defendants know that plaintiff needed treatment?

(3) Despite their awareness of the need, did defendants fail to take reasonable measures to provide the necessary treatment?

Plaintiff's claim that his dental care was delayed fails for several reasons, the first of which is that the facts do not show that there *was* a delay in care.  Plaintiff received surgery on his tooth two days after he reported his toothache on March 20.  In his responses to defendants' proposed findings of fact, plaintiff says he first complained about his toothache more than two weeks earlier, on March 3. Curiously, this is three days earlier than plaintiff began experiencing the toothache, according to the allegations in his complaint.  Further, as

9

I have explained above, I cannot consider as evidence plaintiff's responses to defendant's proposed findings of fact because they are not based on a sworn affidavit.

Even if I could consider plaintiff's responses, they do not show that any of defendants was responsible for the delay or aware of it.  Plaintiff does not say that he complained to any of them on March 3.  Defendant Quisling was not even employed at the prison until March 22, the same day he performed dental surgery on plaintiff.   A same-day surgery does not constitute an unreasonable delay under these circumstances.  Although Frank and Grams were state employees on March 3, the facts do not show that they had any reason to believe that plaintiff was being denied care.  Neither had any personal knowledge of plaintiff's situation; neither was responsible for the hiring of dentists at the prison; and neither monitored the day to day activities of the health services unit.  In a case like this one brought under 42 U.S.C. § 1983, a plaintiff must show that each defendant caused the alleged constitutional violation through that defendant's own actions.  A defendant may not be held liable simply because he is an employee's supervisor.  <u>Gentry v. Duckworth</u>, 65 F.3d 555, 561 (7th Cir. 1995).

Plaintiff fares no better on his claims that defendants failed to insure that the care he did receive was adequate.  Again, defendants Frank and Grams had no involvement in the procedure so they cannot be held liable.  With respect to defendant Quisling, the facts show that he performed the surgery and it did not go as smoothly as it could have.   But to prevail on an Eighth Amendment claim, plaintiff must show that his treatment was "so blatantly

10

inappropriate as to evidence intentional mistreatment likely to seriously aggravate" his condition. Snipes v. DeTella, 95 F.3d 586, 592 (7th Cir.1996) (internal quotations omitted). The facts show that Quisling attended to plaintiff's needs promptly upon request, that he prescribed medication to relieve pain and that he responded quickly when he discovered another problem. On the basis of these facts, a reasonable jury could not find that Quisling's actions were "blatantly inappropriate."

To be sure, the facts proposed by defendants leave out a number of details that could be helpful in determining the extent of the complications plaintiff experienced and the reasons for those complications. For example, defendants say that there were no "unusual complications" with the dental procedure and that plaintiff "had difficulty receiving anesthetic," without explaining further what they mean by that. But at summary judgment, a lack of clarity by the defendants does not mean the plaintiff prevails: the burden is on plaintiff to "put up or shut up," Hammel v. Eau Galle Cheese Factory, 407 F.3d 852, 859 (7th Cir. 2005), meaning that it was his burden to show that he had enough evidence to sustain a jury verdict in his favor.

Defendants were not required to prove plaintiff's case for him. Rather, to prevail on their motion for summary judgment, defendants were required to do no more than point out the problems with plaintiff's proof. Celotex v. Catrett, 477 U.S. 317, 323-24 (1986). If plaintiff believed defendants' version of the facts was incorrect or incomplete, he needed to

11

come forward with his own admissible evidence supporting his version.

Finally, I note that even if I could consider the facts in plaintiff's response to defendants proposed findings of fact, it would not change the result of this case. None of the statements in his response show that defendant Quisling disregarded plaintiff's health. For example, plaintiff says that defendant Quisling "le[ft] a bone in the socket" and that the dental procedure did not go properly "because of Dr. Quisling['s] negligence." Saying that Quisling "left a bone in the socket" is simply an observation, it does not show why that happened or whether Quisling was even at fault. Plaintiff's belief that Quisling was negligent is not enough to establish that fact, Sanderson v. Henderson, 188 F.3d 740, 746 (7th Cir.1999), but even it were, a showing of negligence is insufficient to prove an Eighth Amendment violation. Norfleet v. Webster, 439 F.3d 392, 396 (7th Cir. 2006). It must be remembered that a claim under the Eighth Amendment is not a substitute for a malpractice action; a violation occurs only when an official's conduct is so egregious that it may be considered an infliction of cruel and unusual punishment. Thus, although plaintiff's dental problems may have caused him no small amount of grief, he has not shown that defendants violated his constitutional rights or that a reasonable jury could find that they did.

12

ORDER

IT IS ORDERED that the motion for summary judgment filed by defendants Matthew Frank, Greg Grams, Robert Humphreys, John Quisling and Lamont Marshall, dkt. #19, is GRANTED and plaintiff Rodney Hopkins's "motion to deny summary judgment," dkt. #26, is DENIED.

IT IS FURTHER ORDERED that plaintiff's claims that defendant Lamont Marshall sexually harassed him and that defendant Robert Humphreys knew the harassment was likely to happen and failed to stop it are DISMISSED without prejudice to plaintiff's refiling them after he has exhausted his administrative remedies. Plaintiff's claims that defendants Matthew Frank, Greg Grams and John Quisling delayed his dental treatment and failed to provide him with adequate care are DISMISSED with prejudice. The clerk of court is directed to enter judgment in favor of defendants and close this case.

Entered this 4th day of February, 2008.

BY THE COURT:
/s/
BARBARA B. CRABB
District Judge

13